```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

DEON FRAZIER,

                    Plaintiff,
                                                    MEMORANDUM AND ORDER
     -against-                                      14-CV-1224 (KAM)(PK)

CITY OF NEW YORK DEPARTMENT OF
CORRECTION, and JOSEPH PONTE, as
Commissioner,

                    Defendants.
----------------------------------------X
```

**MATSUMOTO, United States District Judge**:

Plaintiff Deon Frazier filed this action against defendants the City of New York Department of Correction and Joseph Ponte, alleging discrimination on the basis of race and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law, and the New York City Human Rights Law. Pending before the court is plaintiff's motion for leave to file a second amended complaint. For the reasons discussed below, plaintiff's motion is denied.

## BACKGROUND

Plaintiff, an employee of the Department of Correction ("DOC") for 28 years, initiated this action on February 25, 2014 (ECF No. 1, Complaint) and filed an amended complaint on May 14, 2014. (ECF No. 5, Amended Complaint.) Plaintiff was assigned to the Investigation Unit of the DOC as an Integrity Control

Officer from September 2006 to December 2009. (*Id.* ¶ 14.) According to the Amended Complaint, the DOC intentionally placed African Americans in the Investigation Unit in order to prolong, or outright prohibit, their promotion within the agency. (*Id.* ¶ 19.) Plaintiff alleges that he was subjected to disparate treatment and a hostile work environment as a result of his race and his tenure in the Investigations Unit. (*Id.* ¶¶ 24-25.) He further alleges that he suffered discrimination by not being promoted to deputy warden until 2013, despite applying for the position every year from 2006 to 2013. (*Id.* ¶¶ 39-43.) Plaintiff contends that less-qualified Caucasian DOC employees were promoted to deputy warden before plaintiff during this time. (*Id.* ¶ 41.) Plaintiff further alleges that he was wrongfully classified into "chronic absence status" in retaliation for medically-excused absences that were caused by an ankle injury. (*Id.* ¶ 35.) Ultimately, plaintiff was promoted to deputy warden in October 2013, after he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 43.)

On May 10, 2016, plaintiff filed the instant motion for leave to file a second amended complaint. (ECF No. 51.)[1]

---

[1] The scheduling order set April 30, 2015 as the deadline to amend pleadings. (ECF No. 25, Scheduling Order dated 1/13/2015.)

Pursuant to Title VII, plaintiff seeks to add three alleged incidents of retaliation in his proposed second amended complaint: being summoned to a disciplinary meeting on November 5, 2015; being scheduled for a drug test on December 3, 2015; and being threatened with a "write-up" in December 2015 for uncompleted tasks that plaintiff contends he had not been assigned. (ECF No. 51-2, Proposed Second Amended Complaint ("SAC") ¶¶ 54-64.)

Defendants oppose the motion, arguing that plaintiff's proposed amendment is futile because the alleged incidents do not support a claim for retaliation. (ECF No. 52.) According to defendants, the new allegedly retaliatory incidents that plaintiff seeks to add occurred more than two years after plaintiff filed his initial complaint with the EEOC, and therefore are too far removed in time from plaintiff's protected activity to constitute retaliation under Title VII. (*Id.* at 6.)[2] In response, plaintiff contends that amendment is permissible even when the alleged retaliation is temporally remote from the protected activity. (ECF No. 54, Pl.'s Reply at 4.) Defendants

---

[2] Defendants also argue that plaintiff has not satisfied Title VII's exhaustion requirement because plaintiff did not include the newly alleged retaliatory incidents in his initial EEOC charge. (*Id.* at 4-5.) This argument is moot, however, because plaintiff recently notified the court that the EEOC issued plaintiff a right to sue letter for the new allegedly retaliatory incidents on May 27, 2016. (*See* ECF No 55.)

3

also argue that plaintiff's proposed amendments will cause undue prejudice by requiring fact discovery to be reopened,[3] which will further delay the filing of summary judgment motions. (*Id.* at 9.)

**DISCUSSION**

Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave [to amend] when justice so requires." However, when a party moves to amend a complaint after a scheduling order's deadline to do so has elapsed, as here, "the Court must balance Rule 15(a)'s instruction to freely grant leave against Rule 16(b)'s instruction to not modify a scheduling order unless good cause is shown." *Allen v. United Parcel Serv., Inc.*, 988 F. Supp. 2d 293, 298 (E.D.N.Y. 2013). The party seeking to amend after the Rule 16(b) deadline "must first establish good cause to modify that deadline." *Eberle v. Town of Southhampton*, 985 F. Supp. 2d 344, 346 (E.D.N.Y 2013). "Once Plaintiff has established 'good cause' to modify the scheduling order under Rule 16(b)(4), Plaintiff must then satisfy the requirements of Rule 15(a) to be granted leave to amend." *Beckett v. Incorporated Village of Freeport,* No. 11-cv-2163, 2014 WL 1330557, at *5 (E.D.N.Y. March 31, 2014).

---

[3] Fact discovery closed on July 31, 2015. (ECF No. 25, Scheduling Order dated 1/13/2015.)

4

**I. Rule 16(b)(4) "Good Cause" Analysis**

Whether good cause exists to amend after the Rule 16(b) deadline for amendment of the pleadings turns on "the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). To satisfy the good cause standard, "the party must show that despite having exercised reasonable diligence, the applicable deadline could not have been reasonably met." *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010).

The court finds that plaintiff has satisfied the "good cause" requirement of Rule 16(b)(4). Plaintiff could not have brought its proposed retaliation allegations prior to the April 30, 2015 deadline for amendment of pleadings because the earliest of the alleged retaliatory incidents occurred on November 5, 2015, approximately seven months after the deadline to amend had expired. The court therefore proceeds to the Rule 15(a) analysis.

**II. Rule 15(a) Analysis**

Under Rule 15(a), "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200-01 (2d Cir. 2007). The proposed amendment "must allege facts that are

not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.* 507 F.3d 117, 121 (2d Cir. 2007). A proposed amendment is futile if the proposed claim could not withstand a Rule 12(b)(6) motion to dismiss. *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). In considering a motion to dismiss, the court accepts as true the factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor. *See In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007).

Plaintiff seeks to amend his complaint to add allegations that defendants retaliated against him for his complaints of discrimination. To state a *prima facie* case for unlawful retaliation under Title VII, a plaintiff must allege facts sufficient to show that: (1) he participated in a protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and the adverse action. *Lore v. City of Syracuse,* 670 F.3d 127, 157 (2d Cir. 2012). The requirement of a materially adverse employment action reflects the principle that "Title VII does not protect an employee from 'all retaliation,' but only 'retaliation that produces an injury or harm.'" *Tepperwien v.*

6

*Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 569 (2d Cir. 2011) (quoting *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 67 (2006)). To establish a "materially adverse action," a plaintiff "must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern*, 548 U.S. at 68 (citation and quotation marks omitted).

After reviewing the allegations in the proposed Second Amended Complaint with the required liberality, the court concludes that the proposed amendment fails to state a claim for retaliation under Title VII because it does not allege an adverse employment action. Thus, the proposed amendment is futile.

Plaintiff seeks leave to add three allegedly "adverse" employment actions to support his retaliation claim. The first incident occurred on November 5, 2015, when "the DOC summoned Plaintiff to a disciplinary meeting" regarding "an incident" allegedly involving plaintiff that had occurred over one-year earlier. (Proposed SAC ¶¶ 55-56.) Plaintiff claims that the DOC made allegations against him during the meeting "with no support." (*Id.* ¶ 56.) The second alleged incident occurred in

7

December 2015, when a DOC warden "indicated that plaintiff should be written up" for not conducting two "influential tours" of the DOC facility where plaintiff worked. (*Id.* ¶¶ 60-64.) Plaintiff alleges he was not responsible for conducting these tours of the facility. (*Id.*)[4]

With respect to both of these incidents, plaintiff does not allege that he suffered any materially adverse employment consequences. Courts in this circuit have held that "reprimands that do not lead to materially adverse employment consequences are not actionable forms of retaliation." *Alexander v. Westbury Union Free School Dist.*, 829 F. Supp. 2d 89, 109 (E.D.N.Y. 2011); *Bowen-Hooks v. City of New York*, 13 F. Supp. 3d 179, 212 (E.D.N.Y. 2014) ("A mere threat of discipline is not an adverse employment action."); *Tepperwien*, 663 F.3d at 570 ("criticism of an employee . . . is not an adverse employment action") (citation omitted); *Perez v. N.Y. & Presbyterian Hosp.*, No. 05-cv-5749, 2009 WL 3634038, at *15 (S.D.N.Y. Nov. 3, 2009) (holding that disciplinary reprimand that did not alter job responsibilities or otherwise affect employment was not sufficiently material to constitute adverse employment action); *Vazquez v. Southside United Hous. Dev. Fund*

---

[4] Plaintiff does not allege that was ultimately "written up" or otherwise disciplined for failing to conduct the tours.

8

*Corp.,* No. 06-cv-5997, 2009 WL 2596490, at *12 (E.D.N.Y. Aug. 21, 2009) ("Courts interpreting *Burlington Northern* have held that empty verbal threats do not cause an injury, and therefore are not materially adverse actions, where they are unsupported by any other actions."); *Montgomery v. Chertoff,* No. 03-cv-5387, 2007 WL 1233551, at *12 (E.D.N.Y. Apr. 25, 2007) ("[n]egative evaluations alone, without any accompanying adverse consequence are not adverse employment actions.") (citation omitted). The November 2015 meeting and the December 2015 suggestion that plaintiff "should be written up" were informal reprimands without any accompanying allegations that they caused injury or harm to plaintiff, and therefore were not materially adverse employment actions under Title VII. *See, e.g., Bowen-Hooks*, 13 F. Supp. 3d at 212 (finding that reprimands did not constitute materially adverse employment actions where "there is no evidence that Plaintiff was ever charged or disciplined and Plaintiff does not assert that she was disciplined or charged").

The third alleged retaliatory incident occurred in December 2015, when plaintiff was required to take a drug test. (*Id.* ¶ 57.) The results of the test were negative (*id.* ¶ 58), and plaintiff alleges no adverse consequences resulting from taking the test. Nor does plaintiff allege that requiring him to take the test violated a DOC policy or procedure, or that

9

other employees were not subjected to drug tests.  *See Forts v. City of New York Dep't of Correction*, No. 00-cv-1716, 2003 WL 21279439, at *9 (S.D.N.Y. June 4, 2003) ("Plaintiff has not proffered any evidence that Defendant intended to manipulate the drug testing selection procedure such that she was disproportionally chosen for testing; thus, the drug tests do not amount to an adverse employment action.").  Without any accompanying indicia of harm, plaintiff's mere subjection to a single drug test was, at most, an inconvenience that does not rise to the level of an adverse employment action.  *See Perez v. Metro. Transp. Auth.*, No. 11-cv-8655, 2012 WL 1943943, at *9 (S.D.N.Y. May 29, 2012) (subjecting "Plaintiff to four drug tests over a period of one-year does not rise to a sufficiently disruptive level" to constitute an adverse employment action); *Joseph v. New York City Dep't of Corr.*, No. 10-cv-1265, 2011 WL 1843162, at *5 (E.D.N.Y. May 13, 2011) (finding defendant's "demand that [plaintiff] take a single drug test" was not a materially adverse employment action).

Even assuming, *arguendo*, that the three alleged incidents could be considered adverse employment actions, plaintiff fails to plead sufficient facts to establish a plausible causal nexus between the adverse employment actions and his protected activity.  Causation may be shown: "(1)

indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Gordon v. N.Y. City Bd. of Educ.,* 232 F.3d 111, 117 (2d Cir. 2000). Plaintiff offers no allegations directly connecting his protected activity with the alleged retaliatory acts, and "[s]imply pleading that an adverse employment action occurred later in time than plaintiff's protected activity is insufficient to survive a motion to dismiss." *Dechberry v. N.Y.C. Fire Dep't*, 124 F. Supp. 3d 131, 154 (E.D.N.Y. 2015).

Moreover, the temporal connection to plaintiff's protected activity is too attenuated to permit an indirect inference of causation. A plaintiff may indirectly establish a causal connection between a protected activity and an adverse employment action "by showing that the protected activity was closely followed by discrimination." *Butts v. N.Y.C. Dep't of Hous. Pres. & Dev.*, 307 F. App'x 596, 599 (2d Cir. 2009). Although the Second Circuit "has not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship," *Gorman-Bakos*

*v. Cornell Co-op. Extension of Schenectad County,* 252 F.3d 545, 554 (2d Cir. 2001), district courts in the Second Circuit "have consistently held that a passage of more than two months between the protected activity and the adverse employment action does not allow for an inference of causation." *Beaumont v. Cablevision Sys. Corp.,* No. 10-CV-3585, 2012 WL 1158802, at *6 (E.D.N.Y. Apr. 9, 2012) (citing *Garrett v. Garden City Hotel, Inc.,* No. 05-CV-0962, 2007 WL 1174891, at *21 (E.D.N.Y. Apr. 19, 2007)) (collecting cases); *see also Tuccio Dev., Inc. v. Miller,* 423 Fed. App'x 26 (2d Cir. 2011) (finding two-month gap between protected activity and alleged adverse action was too distant to indirectly support retaliatory motive where no additional causation evidence was introduced); *Dechberry*, 124 F. Supp. 3d at 153-55 (finding six-month gap too attenuated); *Caskey v. County of Ontario,* 800 F.Supp.2d 468 (W.D.N.Y. 2011) ("The nine-month temporal proximity between plaintiffs protected activity and the allegedly unlawful discrimination — standing, as it does, alone — is insufficient as a matter of law to suggest a causal connection for purposes of plaintiff's retaliation claim.").

Here, plaintiff first engaged in "protected activity" — the filing of his initial EEOC charges — on August 26, 2013 (ECF No. 53-1. EEOC Charge of Discrimination dated 8/26/2013),

and commenced this lawsuit on February 25, 2014.  Plaintiff alleges that the earliest instance of retaliatory conduct — his summons to a disciplinary meeting — occurred in November 2015, more than two years after filing the 2013 EEOC complaint and one year and nine months after filing this action. (Proposed SAC ¶ 55.)  The alleged retaliatory conduct not only is temporally too distant from plaintiff's protected activity, but plaintiff offers no other facts to infer a causal connection between his two acts of protected activity and the purported retaliation.  Accordingly, plaintiff's proposed amendment fails to state a claim for which relief may be granted.

In addition to denying leave to amend based on futility, the court finds that permitting amendment at this late stage would unduly prejudice defendants.  "Amendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute."  *AEP Energy Servs. Gas Holding Co. v. Bank of American N.A.,* 626 F.3d 699, 725 (2d Cir. 2010) (internal quotation and citation omitted).  This action has been ongoing for two and a half years, and fact discovery has been closed for over one year.  After discovery ended on July 31, 2015, plaintiff unsuccessfully moved to reopen discovery three

13

times. (*See* ECF Nos. 33, 35, 40.)[5] Defendants indicated their readiness to move for summary judgment one year ago. (ECF No. 36, Defendants' Motion for Pre-Motion Conference dated 9/3/2015.) If the court were to permit the amendment that plaintiff requests, additional discovery would be necessary, which in turn will further delay potential summary judgment briefing and the setting of a trial date. *See Ayazi v. New York City Dep't of Educ.,* 586 Fed. App'x. 600, 602 (2d Cir. 2014) (finding that addition of new claim would "prejudice defendant insofar as it required additional evidence and, possibly, motion practice"); *Krumme v. WestPoint Stevens, Inc.,* 143 F.3d 71, 88 (2d Cir. 1998) (affirming denial of motion to amend where "case was near resolution and discovery had been completed").

---

[5] Plaintiff never sought this court's review of the magistrate judge's order denying plaintiff's motions to extend discovery, and the deadline to do so has passed.

## **CONCLUSION**

Plaintiff's motion for leave to file a second amended complaint is denied because the proposed allegations of retaliation would be futile and unduly prejudice defendants. Discovery remains closed. The parties shall confer and submit a joint letter regarding how they intend to proceed no later than September 7, 2016.

**SO ORDERED.**

Dated:   August 23, 2016
         Brooklyn, New York

                                          _____/s/_____
                                          Kiyo A. Matsumoto
                                          United States District Judge